WILLIAM J. WILLIAMS, Plaintiff-Appellant, v. JERRY STANFILL, Defendant-Appellee.

Second District   No. 2—89—1375

Opinion filed September 12, 1990.—Rehearing denied October 10, 1990.

James D. Sparkman, of Vella, Sparkman & Altamore, P.C., of Rockford, for appellant.

Raphael E. Yalden II and Joseph D. Olsen, both of DeBruyne, Yalden & Olsen, of Rockford, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, William J. Williams, appeals from the trial court's denial of his motion to reconsider its earlier orders granting summary judgment and judgment on the pleadings in favor of defendant, Jerry Stanfill, on plaintiff's personal injury complaint. Plaintiff contends that the trial court improperly granted judgment for defendant because defendant, who was plaintiff's landlord, violated his statutory duty to provide plaintiff with at least two means of egress from plain-

tiff's apartment in case of fire. Plaintiff alleges that defendant's duty arises from the Life Safety Code of 1981 as adopted by the City of Rockford in its Municipal Code and from article 9, section 25.1e, of the Winnebago County Code. We affirm in part and reverse in part.

On and prior to October 29, 1985, defendant owned and maintained an eight-unit apartment building located at 418-424 North Fourth Street, Rockford, Illinois. Plaintiff rented and occupied an apartment on the second floor. During the late-night hours on October 29, 1985, defendant's building caught fire and was totally destroyed. Apparently most of the tenants, with the exception of plaintiff, were able to leave the building without injury. Plaintiff, in his amended complaint, alleged that he found his single exit route blocked by smoke and flame and was obliged to escape out a second-floor window. Plaintiff fell to the ground and sustained serious injuries.

Plaintiff's amended complaint alleged that defendant negligently failed to comply with the Life Safety Code of 1981 as adopted in sections 61 and 62 of chapter 11 of the Rockford Municipal Code, which required, *inter alia*:

> "Two means of egress, as a minimum, shall be provided in every building or structure, section, or area where the size, occupancy, and arrangement endangers occupants attempting to use a single means of egress which is blocked by fire or more. The two means of egress shall be arranged to minimize the possibility that both may be impassible by the same fire or emergency condition." (Life Safety Code, ch. 2—8 (1981), incorporated by reference in Rockford Municipal Code, ch. 11, §11—61 (1983).)

Plaintiff's amended complaint further alleged that defendant also negligently failed to comply with a similar two-exit requirement contained in the Winnebago County Code. Plaintiff claimed that defendant's negligence in failing to supply the required number of exits caused plaintiff's injuries. Plaintiff did *not* allege any other grounds regarding negligence.

Defendant answered and admitted that he owned and maintained the apartment building. He also admitted that plaintiff's second-floor apartment had only one exit and had access to only one stairway. Defendant denied plaintiff's allegations of negligence and asserted several affirmative defenses. Along with his answer, defendant filed a motion for summary determination of a major issue pursuant to section 2—1005(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(d)), specifically requesting that the court make a determination that defendant did not violate the Life Safety Code as

alleged in plaintiff's complaint. In support of his motion, defendant submitted a copy of Ordinance No. 1983—114—0 published by the City of Rockford on September 9, 1983, in which the city adopted by reference the 1981 edition of the Life Safety Code and codified it in section 11—61 of chapter 11 of the Municipal Code. The Ordinance further amended the Life Safety Code in section 11—62 of the Municipal Code as follows: "This code does not intend to establish requirements more stringent than those contained in the Basic Building Code of the City of Rockford." Rockford Municipal Code, ch. 11, §11—62 (1983).

Defendant further provided portions of the Basic Building Code recommended by the Building Officials and Code Administrators International, Inc. (BOCA), as adopted by the City of Rockford on June 2, 1983, in Ordinance No. 1983—73—0 (Rockford Municipal Code, ch. 6 (1983)), with specified amendments not relevant to the instant cause.

Section 804.1 of the Basic Building Code as adopted provides:

"*Owner responsibility*: The owner or lessee of every existing building and structure shall be responsible for the safety of all persons in, or occupying, such premises with respect to the adequacy of means of egress therefrom." (Basic Building Code, §804.1, incorporated by reference in Rockford Municipal Code, ch. 6 (1983).)

Section 804.2 of the Basic Building Code as adopted provides:

"*Unsafe means of egress*: In any existing building or structure, not provided with exit facilities as herein prescribed for new buildings and in which the exits are deemed inadequate for safety by the building official, such additional provision shall be made for safe means of egress as the building official shall order." Basic Building Code, §804.2, incorporated by reference in Rockford Municipal Code, ch. 6 (1983).

In his motion for summary determination, defendant argued that the two-exit requirement contained in the Life Safety Code and relied upon by plaintiff was not applicable to his building, since his building already existed in 1983 when the Life Safety Code was adopted by the City of Rockford and because such a requirement was more stringent than that contained in the Basic Building Code. Defendant reasoned that the sections of the Basic Building Code, quoted above, required modification of a building's exits only when such exits were deemed inadequate by the city building official who then would order additional exits to be provided. Defendant submitted the affidavit of Bonnie B. Henry, the former acting code administrator of the City of Rockford and the current director of the city building department, in

which Henry stated that at no time from 1979 through and including October 29, 1985, did any member of the department or its predecessor division issue a determination that defendant's building had inadequate exits or order that modifications should be made.

Plaintiff submitted a counteraffidavit, also from Henry, in which she stated, *inter alia*:

> "4. *** I have reviewed the records mentioned in my November 23, 1988, Affidavit concerning this building and have not found, and I am otherwise not aware of any record showing that this building was ever inspected by any City employee concerning the issue of 'safe means of egress' under Section 804.2 of the BOCA Basic National Building Code from the time when our records began up to and including at least October 29, 1985.
>
> 5. *** [T]he fact that no building official has ever entered an 'exit order' pursuant to Section 804.2 of BOCA does not indicate that the building complied with BOCA or with the Life Safety Code with respect to means of egress; it simply means that no inspection was ever made for that purpose by the City of Rockford."

The trial court struck paragraph 5 above as improperly stating a conclusion pursuant to defendant's motion to strike.

Further, the trial court granted defendant's motion for summary determination on the issue of the alleged city ordinance violations. The trial court found "that there is no genuine issue of material fact as to a major issue in this case, namely, that the Defendant did not fail to comply with *** the Life Safety Code as alleged in *** the Plaintiff's Amended Complaint as a matter of law."

Defendant then filed a motion for judgment on the pleadings which addressed plaintiff's allegation that defendant had violated the Winnebago County Code. The trial court granted this motion and dismissed the cause, finding that the portions of the County Code relied upon by plaintiff in his amended complaint did not apply to buildings, like defendant's, which were located within the city limits of Rockford. Plaintiff filed a motion to reconsider both of the trial court's orders which the court denied and dismissed the cause with prejudice. Plaintiff's timely appeal ensued.

The issues presented on appeal are: (1) whether the record establishes that defendant owed plaintiff by ordinance a duty to provide a minimum of two fire exits pursuant to the Life Safety Code as adopted in the Rockford Municipal Code; and (2) whether the emergency exit requirements of the Winnebago County Code applied to

defendant's building, which was located within the Rockford city limits. We consider these issues in order.

Plaintiff contends that the trial court erred in granting defendant summary judgment on the first issue because the two-exit requirement set forth in the Life Safety Code is not more stringent than the exit requirements set forth in the Basic Building Code. Plaintiff further contends that the mere fact that defendant never received a city order deeming his building's exits inadequate does not establish that, as a matter of law, defendant's building's exits were adequate. We agree with plaintiff on both points.

First, the Basic Building Code sections cited by defendant in his motion for summary determination do not relieve an apartment building owner from the responsibility of providing an adequate number of emergency exits. Section 804.1, quoted above, explicitly places this responsibility squarely on an owner's shoulders. Section 804.2 merely provides a mechanism by which the city may enforce this responsibility.

■ Neither section specifies the number of exits a building must have in order to be deemed adequate for the safety of persons occupying the premises. Yet, defendant insists that the two-exit requirement set forth in the Life Safety Code is more stringent than these sections with regard to existing buildings, a situation defendant notes is prohibited by the city's amendment that the Life Safety Code was not intended "to establish requirements more stringent than those contained in the Basic Building Code" (Rockford Municipal Code, ch. 11, §11—62 (1983)). We are puzzled by defendant's assertion because we cannot conclude as a matter of law that two means of egress "where the size, occupancy, and arrangement endangers occupants attempting to use a single means of egress which is blocked by fire or more," as required by the Life Safety Code, is *more* stringent than the adequate means of egress, required by the Basic Building Code, unless one exit may always under any circumstance be deemed adequate. "Adequate" has been defined as: "sufficient for a specific requirement; lawfully and reasonably sufficient." (Webster's Ninth New Collegiate Dictionary 56 (1987).) We do not believe that the City of Rockford, in adopting section 804.1 of the Basic Building Code, intended such a result. Accordingly, we conclude that the Life Safety Code requirement is not *more* stringent than the Basic Building Code requirement.

■ We further reject defendant's contention that the city's failure to find his building's exits inadequate renders them adequate as a matter of law. Defendant's interpretation of section 804.2 of the Basic Building Code is an imaginative *non sequitur*. He argues that since he

never received orders to modify the exits to his building pursuant to this section, he was not required to modify his building. This assertion is correct. It does not follow, however, that the absence of such an "exit order" acts as the city's finding that defendant's building complied with section 804.1. By way of analogy, we offer the following hypothetical situation. An individual is prosecuted for the unauthorized practice of law. He obtains an affidavit from the appropriate State official stating that he never failed the State bar examination. What the affidavit fails to state is whether the individual *ever took and passed* the bar examination. The same situation obtains in the instant cause. Here, however, Henry's counteraffidavit establishes that the City never inspected defendant's apartment building. The fact that the City never issued an "exit order" proves no more than that such an order was never issued. It is incompetent to prove anything more.

Defendant's entire argument in this regard is nothing more than a negative pregnant, that is, a denial which may imply an affirmative (see *People v. Weaver* (1980), 90 Ill. App. 3d 299; see also Black's Law Dictionary 930 (5th ed. 1979)). Henry's statement in her first affidavit that no order had ever been issued is evasive, ambiguous and ultimately incompetent to support the conclusion defendant urges.

■ The trial court's task in considering defendant's motion for summary determination is to determine whether issues of fact material to the parties' dispute exist. (See *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112; *Thiede v. Tambone* (1990), 196 Ill. App. 3d 253, 257.) If the trial court finds that there exists no genuine issue of material fact and, further, that the moving party is entitled to judgment as a matter of law, then the trial court should grant the summary judgment motion. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(d); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The trial court is obligated to construe the record before it most strictly against the movant and in the light most favorable to the nonmovant. (*Thiede*, 196 Ill. App. 3d at 257.) The nonmovant is entitled to rely upon such reasonable inferences as may be drawn from the materials considered by the trial court on the motion. *Thiede*, 196 Ill. App. 3d at 257.

■ The trial court erroneously determined, as a matter of law, that defendant did not violate the emergency exit requirement contained in the Life Safety Code. We deem the issue as one of fact. The defendant admitted that plaintiff's apartment had only one exit and only one access to a stairway. It is the province of the jury to determine if under the circumstances the defendant breached any duty created under the requirements of the Life Safety Code. Thus, we reverse the trial court's order granting summary determination of this

issue in favor of defendant and remand the cause to the trial court for further consideration.

We turn now to consideration of whether the Winnebago County Code emergency exit requirements applied to defendant's building. Plaintiff contends that article 9, section 25.1e, of the Winnebago County Code, which requires that every housing unit have at least two means of egress, is a county public health regulation authorized by section 5—1052(1) of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 5—1052(1)). Further, plaintiff contends that the Winnebago County exit requirement applies throughout the entire county pursuant to section 5—25008 of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 5—25008).

In opposition to plaintiff's assertion that the county exit requirement applied to his building, defendant correctly relies upon section 5—1063 of the Counties Code, which provides:

"For the purpose of promoting and safeguarding the public health, safety, comfort and welfare, a county board may prescribe by resolution or ordinance reasonable rules and regulations (a) governing the construction and alteration of all buildings *** and governing the maintenance thereof in a condition reasonably safe from hazards of fire *** where such buildings *** *are located outside the limits of* cities, villages and incorporated towns ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 34, par. 5—1063(a).

██ We believe the county emergency exit requirement falls within the purview of section 5—1063(a) above and conclude that it is applicable only to buildings and other structures which lie outside the city limits of Rockford and other municipalities in Winnebago County. Thus, we affirm the trial court's order granting defendant judgment on the pleadings with regard to this issue.

Before closing, we find it necessary to comment on technical mistakes which appear in both parties' appellate briefs, *i.e.*, their reference to and discussion of several Illinois statutes, including chapter 111½, section 20c, and chapter 34, sections 419(1), 422. A cursory inspection of the Illinois Revised Statutes discloses that no such statutory sections exist. Each was repealed by and replaced with the Counties Code, enacted by Public Act 86—962 and effective January 1, 1990 (Ill. Rev. Stat. 1989, ch. 34, pars. 1—1001 *et seq.*). We caution all appellate counsel to use greater care and diligence in the preparation of their briefs and arguments to ensure the accuracy of their citations to authority.

In view of the foregoing, we affirm the circuit court of Winnebago

704

County's order granting judgment on the pleadings, reverse the circuit court's order granting summary determination of a major issue and dismissing the cause with prejudice, and we remand the cause for further proceedings not inconsistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

INGLIS and REINHARD, JJ., concur.